## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ROBIN MECEY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) No. 4:19-CV-1526 RLW |
| CITY OF FARMINGTON, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendants City of Farmington, Gregory Beavers, Susie

Miller, Ryan Miller, Eric Spiker, Clifford Bone, Theresa Bohn, Jerrod Mahurin, the City of Park

Hills, and Mike Kurtz (collectively the "Municipal and County Defendants") motion for judgment

on the pleadings pursuant to Fed. R. Civ. P. 12(c), or in the alternative, motion to dismiss for

failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Defendants Missouri Department of

Health and Senior Services ("DHSS"), Jason Garner, and Gary Oliver (collectively the "DHSS

Defendants") also move to dismiss all claims against them. For the following reasons, the Court

grants the Municipal and County Defendants' and the DHSS Defendants' motions to dismiss.

### I. FACTUAL BACKGROUND

Plaintiffs Robin and David Mecey, husband and wife, are proceeding in this matter pro se.

The Amended Complaint is a 38-page pleading with 17 counts against 13 defendants. In first

paragraph, entitled "Jurisdictional Statement," Plaintiffs assert they are bringing their claims

against "[m]unicipalities, their officers and individuals acting under color of law," and are

challenging "the constitutionality of their acts." (ECF No. 17 at 1). The Amended Complaint

states "[a]t all times, Defendants City of Farmington, City of Park Hills, Gregory Beavers, Susie

Miller, Ryan Millar, Eric Spiker, Clifford Bone, Teresa Bohn, Jerrod Mahurin, Jason Garner, Gary Oliver, and Mike Kurtz were acting as State officials employed, compensated, enriched and rewarded by the state and are being sued in their official capacity and as individuals." (ECF No. 17 at 2-3).

Plaintiffs characterize their case as being about the kidnapping of Robin Mecey, and "the extent the defendants conspired to cover up the felony crime using their power under the color of law to silence her as a victim." (ECF No. 31 at 1). The events outlined in the Amended Complaint span many years and concern seemingly unconnected events, but Plaintiffs contend they all relate back to an encounter on March 24, 2014, that took place in a J.C. Penney store where Robin Mecey worked.

According to the Amended Complaint, J.C. Penney employees conspired to have Robin Mecey fired, and in the process they committed several crimes, including fabricating evidence, perjury, making a false affidavit, filing a false report, and felony kidnapping, and the defendants in this suit have spent years conspiring to cover-up these crimes. Plaintiffs allege on March 24, 2014, a J.C. Penney Loss Prevention Agent was sent to the J.C. Penney store in Farmington, Missouri, to investigate shortages in cash registers throughout the store. Plaintiffs allege "Robin Mecey was singled out with no probable cause," and she was "lured from her workstation under false pretenses" into a backroom of the store, where she was held "against her will and over her objections and threatened with the use of false accusations, physical violence, and terrorized for over 2 hours [ ] for the purpose of forcing Robin Mecey to sign their fabricated confession." (ECF No. 17 at 4-5). According to the Amended Complaint, the police were eventually called, and Defendant Ryan Miller arrested Plaintiff, without probably cause.

2

According to the Amended Complaint, Plaintiff Robin Mecey was charged by the City of Farmington, and a trial was held on July 24, 2014, at which she was convicted of shoplifting. Plaintiffs allege the charges were based on a false affidavit created by a non-party and J.C. Penney employee, Victoria Bollman, and filed by the Farmington City Police Department's notary, Defendant Teresa Bohn. There are numerous allegations in the Amended Complaint about the trial that took place on July 24, 2014, which Plaintiffs maintain was a sham. Plaintiffs also allege that during the trial, the presiding judge had Plaintiff David Mecey removed from the courtroom and detained for passing notes to Robin Mecey.

Plaintiffs allege that prior to the trial, on March 24-25, 2014, they attempted to file complaints with the Farmington Police Department, but they were refused access to the public complaint process. They also allege that on January 27, 2015, they again attempted to file a complaint at the Farmington Police Department regarding the crimes committed against Robin Mecey. Plaintiffs were eventually allowed to file the complaint, but the complaint was not sent to a prosecutor and no charges were ever brought against J.C. Penney employees or any officer for kidnapping, felonious restraint, perjury, or any other crime.

The allegations in pages 25-38 of the Amended Complaint involve an entirely separate series of events, which started in July 2017. Plaintiffs acknowledge that these events appear to be unrelated to prior events, but according to Plaintiffs, they are all connected to the incident at the J.C. Penney and Robin Mecey's treatment in the criminal justice system. Plaintiffs maintain all the events alleged were done in retaliation and to cover up the original crimes against Robin Mecey.

According to the Amended Complaint, both David and Robin Mecey were working at the Café Redux L.L.C. in Park Hill, Missouri in the summer of 2017. David Mecey had a workspace

at the café, where he kept paperwork for a civil case he had filed against Defendant Jerrod Mahurin, the former prosecutor of St. Francois County, and others.[1] Plaintiffs allege new employee, Nancy Boevingloh, was hired by the café manager at the urging of L.L.C. member Gary Robinson. Plaintiffs maintain, on July 12, 2017, Ms. Boevingloh robbed the café after hours and stole all the paperwork related to David Mecey's federal lawsuit against Jerrod Mahurin. According to the Amended Complaint, the paperwork was taken to Mr. Robinson. Plaintiffs allege Jerrod Mahurin conspired with Ms. Boevingloh and Mr. Robinson to steal the paperwork. Neither Ms. Boevingloh nor Mr. Robinson are parties to this suit.

Plaintiffs also allege that on October 23, 2017, due to disagreements between the partners and poor business practices, Café Redux L.L.C. closed for business. Mr. Robinson asked David Mecey to help wind down the business. Plaintiffs accuse Mr. Robinson of refusing to return their personal property, specifically "a public address system with 2 power amps used for karaoke." (ECF No. 17 at 29). Plaintiffs allege David Mecey threatened to file a police report, and Mr. Robinson filed for an order of protection against David Mecey, accusing him of soliciting money and stating that he feared for his safety.

According to the Amended Complaint, David Mecey did file a police report with the Park Hills Police Department on November 1, 2017. The Park Hill Police Department, however, never retrieved Plaintiffs' stolen property.

In the final count of the Amended Complaint, Plaintiffs allege that on June 28, 2018, Defendant Jerrod Mahurin, at the time the county prosecutor for St. Francois County, conspired

---

[1]On June 17, 2017, Plaintiffs filed suit against City of Farmington, Gregory Beavers, Susie Miller, Ryan Miller, Eric Spiker, Clifford Bone, Theresa Bohn, and Jerrod Mahurin, among others, in Mecey, et al., v. City of Farmington, Missouri, et al., No. 4:17-CV-1653 JCH. The allegations in prior suit are substantially similar to the case at bar. Plaintiffs voluntarily dismissed their previous case of action on May 22, 2018.

4

with other defendants to fabricate evidence and charges against David and Robin Mecey to imprison them for 15 years. According to the Amended Complaint, on June 28, 2018, Defendants Jason Garner and Jerrod Mahurin applied for arrest warrants for David and Robin Mecey for exploitation of the elderly, a class B felony. Plaintiffs allege a misleading affidavit was filed with the St. Francois County prosecutor's office to obtain arrest warrants. According to the Amended Complaint, David and Robin Mecey turned themselves into the St. Francois County Jail, after being informed of the warrants, and they were released on $25,000 bond. These charges have been dismissed, but Plaintiffs contend they were brought in order to punish Plaintiffs. (ECF No. 17 at 35).

For damages, Plaintiffs state that they "suffered expenses of over 60 months '5 years' of judicial abuse with over 2500 miles traveled and the time to respond pro se with dozens of motions answers and briefs"; that Robin and David Mecey have suffered "mental anguish," and their "standing in the community has been damaged beyond repair" from the aforementioned events; that Robin Mecey suffers "IBS" and has nightmares; and they have had to pay court fine and costs, plus $5000.00 for bail. (ECF No. 17 at 35-36). For relief Plaintiffs seek "to get the conflicting policies and the malice for rule of law in the acts of the City of Farmington in treating complainants [sic] as adversaries changed," plus "damages for time, co[]st and reputation," duress, and pain and suffering. And David Mecey "seeks to get Park Hills to follow procedure on the stolen items reported from 11/01/2017." (ECF No. 17 at 36).

The Municipal and County Defendants move to dismiss on a number of grounds including: the statute of limitations has expired, qualified immunity, prosecutorial immunity, lack of Monell liability, the Rooker-Feldman Doctrine, sovereign immunity, and failure to state a claim. The

DHSS Defendants also move to dismiss the counts against them on the grounds of official immunity, sovereign immunity, and failure to state a claim.

## II.  *LEGAL STANDARDS*

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Blomker v. Jewell, 831 F.3d 1051, 1055 (8th Cir. 2016) (quotation omitted). The facts alleged must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A complaint must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to state a plausible claim for relief. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," Twombly, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id. at 555–56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, however. Iqbal, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. Id.

A motion for judgment on the pleadings pursuant to Rule 12(c) is determined by the same standards that are applied to a motion under Rule 12(b)(6). Ginsburg v. InBev NV/SA, 623 F.3d

1229, 1233 n.3 (8th Cir. 2010). "A grant of judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." Clemons v. Crawford, 585 F.3d 1119, 1124 (8th Cir. 2009) (internal quotation marks and quoted case omitted). When considering a motion for judgment on the pleadings, "the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint as well as materials that are necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (quotations and citations omitted).

Plaintiffs are proceeding without the assistance of counsel. A pro se complaint should be liberally construed. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). See also Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (holding that in civil rights actions a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss). The complaint, however, "still must allege sufficient facts to support the claims advanced." Stone, 364 F.3d at 914 (citing Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded."); Cunningham v. Ray, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.").

## III.   *DISCUSSION*

### A.   **Official Capacity Claims**

The Court will first address Plaintiffs' claims against the named defendants in their official capacities.   As Plaintiffs state in their Amended Complaint, they are challenging the

7

constitutionality of Defendants' actions, and they bring this suit pursuant to 42 U.S.C. § 1983.[2] "A core tenet of 42 U.S.C. § 1983 jurisprudence is that an official capacity suit against an individual is really a suit against that official's government entity." Banks v. Slay, 875 F.3d 876, 878 (8th Cir. 2017). Here, some of the defendants are alleged to be employees of the State of Missouri, while others are alleged to be employees of the municipalities or St. Francois County. As the Court discusses below, different legal principles apply to state officials versus municipal and county officials.

## 1. Official capacity claims against state officials

The DHSS Defendants move to dismiss Plaintiffs' claims against Jason Garner and Gary Oliver in their official capacities on the basis that a suit against a government officer in his or her official capacity is functionally equivalent to a suit against the employing governmental entity, which for the DHSS Defendants is the State of Missouri.

A suit brought against a state official in his or her official capacity pursuant to § 1983 is not a suit against the official, but rather a suit against the official's office. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). In other words, the real party in interest in an official-capacity suit is not the named official, but the governmental entity. Hafer v. Melo, 502 U.S. 21, 25 (1991); see also Elder-Keep v. Aksamit, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will, 491 U.S. at 71. See also Calzone v. Hawley, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). Moreover, in the absence

---

[2]As discussed below, Plaintiffs also aver they are bringing conspiracy claims under 42 U.S.C. §§ 1985, 1986, and 1988.

8

of a waiver, the Eleventh Amendment bars suit against a state official acting in his or her official capacity. Morstad v. Dep't of Corr. & Rehab., 147 F.3d 741, 744 (8th Cir. 1998). The Court, therefore, dismisses all § 1983 claims against defendants DHSS and all official capacity claims against defendants Jason Garner and Gary Oliver. Will, 491 U.S. at 71 (states and state officials acting in their official capacities are not "persons" within the meaning of 42 U.S.C. § 1983).

## 2. Official capacity claims against municipal or county officials

As for the official capacity claims against the defendants who are alleged to be employees of City of Farmington or the City of Park Hills, the same core tenet applies: an official capacity suit against an individual is really a suit against that official's government entity." Banks, 875 F.3d at 878; Liebe v. Norton, 157 F.3d 574, 578 (8th Cir. 1998). "It is proper for a court to dismiss a claim against a government officer in his official capacity as duplicative or redundant if the claims are also asserted against the officer's governmental employer." Caruso v. City of St. Louis, No. 4:16 CV 1335 RWS, 2016 WL 6563472, at *1 (E.D. Mo. Nov. 4, 2016) (citing Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010)). Plaintiffs' official-capacity claims against Susie Miller, Ryan Miller, Eric Spiker, Clifford Bone, Teresa Bohn, and Mike Kurtz are duplicative of the claims against the City of Farmington and the City of Park Hills. As a result, the Court will dismiss the official-capacity claims against Susie Miller, Ryan Miller, Eric Spiker, Clifford Bone, Teresa Bohn, and Mike Kurtz.[3] The Eleventh Amendment, however, does not apply to municipalities and counties, and the Court will not dismiss claims against the City of Farmington and the City of Park Hills on this basis.

---

[3]Defendant Jerrod Mahurin is alleged to be the prosecutor for St. Francois County. St. Francois County is not a named defendant in this suit.

9

## B.    Statute of Limitations

In Count I, Plaintiffs allege Defendant Ryan Miller arrested Robin Mecey on March 24,

2014, "without oath of affirmation against her, without a signed complaint naming her as suspected

of any wrongdoing, without a warrant, without probable cause, without exigent circumstances that

she caused, without any recovered items that belonged to J.C. Penney upon her person or within

her possessions, without any investigation or questioning" in violation of the Fourth, Fifth, and

Fourteenth Amendments.  (ECF No. 17 at 6-7).

In Count II, Plaintiffs allege that the City of Farmington refused Plaintiffs access to the

public complaint process.  More specifically, Plaintiffs allege that on March 24 and 25, 2014,

Robin and David Mecey attempted to file a complaint regarding the crimes to which Robin Mecey

was a victim of, and to report that a false report had been given to the Farmington Police, but the

Farmington Police Department "refused to take the notarized Affidavit or even look at it."  (ECF

No. 17 at 9).  Plaintiffs allege this conduct violated Plaintiffs' rights under the Fourth, Fifth and

Fourteenth Amendments, and deprived them equal protection of the law.

The Municipal and County Defendants argue that Counts I and II are barred by a five-year

statute of limitations.  Plaintiffs respond that the claims in Counts I and II are not barred by the

statute of limitations because: (1) the statute of limitations was tolled during their prior federal

civil rights suit; (2) Defendant Jerrod Mahurin prevented Plaintiffs from filing this suit on time;

and (3) the claims in Counts I and II relate to a conspiracy, and the last act of the conspiracy

occurred just days before they filed suit.

In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court held that in the absence of a

federal limitations period for actions under 42 U.S.C. § 1983, courts should look to an analogous

state statute of limitations.  Since the Wilson decision, the Eighth Circuit has held that the

applicable statute of limitations on a § 1983 claim is five years, based on Missouri's statute of limitations for personal injury claims, Mo. Rev. Stat. § 516.120 (1996). See Lovejoy v. Goodrich, 798 F.2d 1201, 1202 n.2 (8th Cir. 1986) (Missouri's five-year statute of limitations for personal injury claims applies to § 1983 action against city, mayor and police officer, rather than three-year statute of limitations for actions against state officers).

Defendants argue in their motions that Plaintiffs' claims in Counts I and II accrued more than five years before this suit was filed. Section 1983 claims accrue when the plaintiff has a complete cause of action, "that is, when the plaintiff can file suit and obtain relief." Wallace v. Kato, 549 U.S. 384, 388 (2007). According to the Amended Complaint, Plaintiff Robin Mecey was detained on March 24, 2014, and on March 24 and 25, 2014, Plaintiffs were refused access to the public complaint process. The claims accrued on these dates, which was more than five years before this action was filed on May 29, 2019.

Plaintiffs respond that the current suit was filed "in compliance with Rule 41," and that "a new action based on the same claim may be commenced within one year after such dismissal unless a stipulation filed under (ii) of this subsection shall specify a shorter time." (ECF No. 31 at 6). It appears Plaintiffs are referring to Missouri's savings statute, which allows a plaintiff to re-file his or her lawsuit within one year after taking a voluntary dismissal in a prior suit. Mo. Rev. Stat. § 516.230.

Plaintiffs originally filed suit against City of Farmington, Gregory Beavers, Susie Miller, Ryan Miller, Eric Spiker, Clifford Bone, Theresa Bohn, and Jerrod Mahurin in Mecey, et al., v. City of Farmington, Missouri, et al., No. 4:17-CV-1653 JCH (Mecey I), which was filed on June 17, 2017. The allegations in the present suit are based on many of the same alleged facts in Mecey

11

I. The complaint in Mecey I contained fifteen counts and most, if not all, are alleged in the present suit.

Plaintiffs filed a voluntary dismissal under Rule 41(a)(1)(A) of the Fed. R. Civ. P. in Mecey I on May 22, 2018. On May 25, 2018, Defendants Gregory Beavers, Susie Miller, Ryan Miller, Eric Spiker, Clifford Bone, and Theresa Bohn stipulated to the dismissal in Mecey I.[4] The dismissal was effective, without a court order, on May 25, 2018. See Fed. R. Civ. P. 41(a)(1)(A). The present suit was filed on May 29, 2019, more than one year later. Therefore, the Court finds Missouri's savings statute does not apply. Kirkendoll v. Bruemmer, 287 F.3d 706, 707 (8th Cir. 2002) (finding suit was barred by statute of limitation and not tolled. "[Plaintiff] refiled her claim more than one year after the voluntary dismissal was entered, but less than a year after the court recognized the voluntary dismissal. Contrary to [plaintiff]'s view, the district court's later order formalizing the voluntary dismissal does not alter the measuring date for the statute of limitations.").

In the alternative, Plaintiffs claim they dismissed their prior federal civil rights suit under threat of retaliation by Jerrod Mahurin. Plaintiffs claim that due to Jerrod Mahurin's threats and harassment, it was "impossible" for them to act on any civil rights violations. (ECF No. 31 at 5).

Missouri law allows for the tolling of certain statutes of limitations based on improper conduct by a defendant. Mo. Rev. Stat. § 516.280 ("If any person, by absconding or concealing himself, or by any other improper act, prevent the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented."); State ex rel. Heart of Am. Council v. McKenzie, 484 S.W.3d 320, 325 (Mo. 2016) (en banc). For Mo. Rev. Stat. § 516.280 to apply, however, a plaintiff must allege

---

[4]Defendant Jerrod Mahurin did not join in the stipulation because he was never served with the complaint. See Mecey I, No. 4:17-CV-1653 JCH, ECF. Nos. 44-47.

12

conduct by the defendant that "hindered or delayed his commencement of [the] action until after the expiration of the statutes of limitations." State ex rel. Heart of America Council, 484 S.W.3d at 325. The doctrine, known as fraudulent concealment, is inapplicable "if a plaintiff knows or should have known he had a cause of action." Id. (quoting M & D Enterprises, Inc. v. Wolff, 923 S.W.2d 389, 400 (Mo. Ct. App. 1996)).

Here, there is no evidence or indication that Jerrod Mahurin, or any of the defendants, concealed from Plaintiffs the fact they had claims against them. Plaintiffs certainly knew of their claims based on the events of March 24 and 25, 2014 – they had already filed a civil lawsuit in federal court based on these events. What is more, Plaintiffs offer no specifics to substantiate their conclusory claim that through threats and improper acts Jerrod Mahurin prevented them from commencing the current suit before the statute of limitations had run. The Court finds Mo. Rev. Stat. § 516.280 does not apply in this case.

Finally, Plaintiffs argue that their claims in Counts I and II are not time-barred because the events that took place on March 24, 2014, were the first covert acts in a large conspiracy against David and Robin Mecey. And, according to Plaintiffs, the statute of limitations for a conspiracy claim begins to run from the occurrence of the last overt act resulting in damage to the plaintiffs, which, they maintain, accrued only a matter of days before they filed suit. (ECF No. 31 at 5). As discussed below, Plaintiffs fail to state a claim of conspiracy against any of the Defendants and, therefore, the statute of limitations for a conspiracy claim is inapplicable to this case.

In sum, Defendants' motion to dismiss Count I and II of the Amended Complaint is granted. Plaintiffs' claims in Counts I and II are time-barred under the applicable statute of limitations.

## C.     Conspiracy claims

Plaintiffs use the terms "conspiracy" and "conspired" throughout their Amended Complaint, and it is difficult to ascertain which counts are conspiracy claims and which are not. Arguably, Plaintiffs view all the events described in the Amended Complaint as one big conspiracy against them:

> Prosecutor Jerrod Mahurin, Susie Miller, Ryan Miller, Eric Spiker, Clifford Bone, Teresa Bohn, the City of Farmington, the City of Park Hills, Officer Mike Kurtz, Missouri Department of Health and Senior Services, Gary Oliver, and Jason Garner are accused of working in concert at the said points in time within the complaint to cover up their actions in one continuous ongoing act to hide the original crimes committed against Robin Mecey that she was a victim to.

(ECF No. 17 at 35). What is more, to the extent Plaintiffs are bringing conspiracy claim(s), it is unclear whether they intend to bring their conspiracy claim(s) under §§ 1983 or 1985, as both sections are referenced in the Amended Complaint.

To state a § 1983 conspiracy claim, a plaintiff must allege: "(1) that the defendants conspired with others to deprive him of constitutional rights; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured him." Bonenberger v. St. Louis Metro. Police Dep't, 810 F.3d 1103, 1109 (8th Cir. 2016) (cleaned up). "The plaintiff is additionally required to prove a deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim." White v. McKinley, 519 F.3d 806, 814 (8th Cir. 2008) (internal citations omitted).

Section 1985 prohibits five different kinds of conspiracies: (1) conspiracies to interfere with the performance of official duties by federal officers (§ 1985(1)); (2) conspiracies to interfere with the administration of justice in federal courts (first clause of § 1985(2)); (3) conspiracies to interfere with the administration of justice in state courts (second clause of § 1985(2)); (4) private conspiracies to deny any person the enjoyment of 'equal protection of the laws' and 'equal

14

privileges and immunities under the laws' (first clause of § 1985(3)); and (5) conspiracies to interfere with the right to support candidates in federal elections (second clause of § 1985(3)). Harrison v. Springdale Water & Sewer Comm'n, 780 F.2d 1422, 1429 (8th Cir. 1986) (citing Kush v. Rutledge, 460 U.S. 719, 724 (1983)). To establish a § 1985 conspiracy a plaintiff must allege: "(1) that the defendants conspired, (2) with the intent to deprive [him or her] of equal protection of the laws, or equal privileges and immunities under the laws, (3) that one or more of the conspirators did, or caused to be done, any act in furtherance of the object of the conspiracy, and (4) that [he or she] was injured or deprived of having and exercising any right or privilege of a citizen of the United States." Crutcher-Sanchez v. Cty. of Dakota, 687 F.3d 979, 987 (8th Cir. 2012); see also Mettler v. Whitledge, 165 F.3d 1197, 1206 (8th Cir. 1999), City of Omaha Employees Betterment Ass'n v. City of Omaha, 883 F.2d 650, 652 (8th Cir. 1989).

Under both § 1983 and § 1985, the Eighth Circuit requires plaintiffs to allege specific facts giving rise to an inference of "a meeting of the minds" between the defendants to violate the plaintiff's constitutional rights. Murray v. Lene, 595 F.3d 868, 870 (8th Cir. 2010); City of Omaha Employees Betterment Ass'n, 883 F.2d at 652 9) (holding to state a claim for conspiracy under 42 U.S.C. § 1985(3), "the plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement."). To be sufficiently specific, "[t]he factual basis need not be extensive, but it must be enough to avoid a finding that the suit is frivolous." Smith v. Bacon, 699 F.2d 434, 436 (8th Cir. 1983) (per curiam). "[Plaintiffs] must at least allege that 'the defendants had directed themselves toward an unconstitutional action by virtue of a mutual understanding,' and provide some facts 'suggesting such a 'meeting of the minds.'" Id. at 436-37 (quoting White v. Walsh, 649 F.2d 560, 561 (8th Cir. 1981)). "[T]he plaintiff need not show that each participant knew the exact limits of the illegal plan, but the

15

plaintiff must show evidence sufficient to support the conclusion that the defendants reached an agreement to deprive the plaintiff of constitutionally guaranteed rights." White v. McKinley, 519 F.3d at 816 (quotations and alterations omitted).

In their Amended Complaint, Plaintiffs include no facts suggesting the individual defendants reached an agreement to deprive Plaintiffs of their civil rights. Instead, Plaintiffs' claims rely on conclusory allegations, inferences, and innuendo to suggest the Defendants took actions in furtherance of their conspiracy to cover up the so-called crimes against Robin Mecey and to violate Plaintiffs' constitutional rights. Plaintiffs base many of the conspiracy claims on the timing of events. For example, after describing the timeline of the events in Count II, Plaintiffs allege, "One can only conclude that their actions have ulterior motive." (ECF No. 17 at 19). This is not enough. Plaintiffs have not pointed "to at least some facts which would suggest that [the defendants] reached an understanding to violate [their] rights," and, therefore, they have not sufficiently alleged a conspiracy. Jensen v. Henderson, 315 F.3d 854, 862 (8th Cir. 2002); see also Johnson v. Perdue, 862 F.3d 712, 717–18 (8th Cir. 2017). The Court has reviewed the Amended Complaint extensively and finds there are no factual allegations in the pleading that sufficiently allege a meeting of the minds or an agreement between or amongst any of the Defendants. Accordingly, the Court dismisses any and all claims of conspiracy under §§ 1983 and 1985.

Plaintiffs also assert they are bringing claims pursuant to 42 U.S.C. § 1986. Section 1986 imposes liability on individuals who have knowledge of a conspiracy prohibited by § 1985, have the power to prevent or aid in preventing the commission of the conspiracy, but neglect or refuse to do so. See 42 U.S.C. § 1986. A claim under § 1986 is dependent on the existence of a valid claim under § 1985. See Lewellen v. Raff, 843 F.2d 1103, 1116 (8th Cir. 1988) (citing Kaylor v.

16

Fields, 661 F.2d 1177, 1184 (8th Cir. 1981)). As there is no valid claim under § 1985 in this case, any § 1986 claim must also be dismissed.

## D. The Remaining Counts

### 1. Count III

In Count III, Plaintiffs allege on April 4, 2014, Farmington Police Department notary Teresa Bohn conspired with Victoria Bollman, a J.C. Penney employee and non-party to this suit, to create a fraudulent and misleading affidavit against Robin Mecey. Plaintiffs allege Ms. Bollman had no personal knowledge of the events she was affirming and "[t]he two expose their leaving the 'Comes Now' blank and wording the affidavit in a way that insinuates suspicious acts but does not actual [sic] accuse Robin Mecey of a crime." (ECF No. 17 at 11). Plaintiffs also allege Teresa Bohn "picked the charges" and filled out the prosecutor's information and case numbers, "as if they had already been stamped and filed with the court clerk". (Id. at 12). Count III appears to be directed at Teresa Bohn and possibly the City of Farmington. Plaintiffs allege this conduct violated Plaintiff Robin Mecey's rights under the Fourth, Fifth, and Fourteenth Amendments, and deprived her Equal Protection of the law.[5]

In their motion to dismiss, the Municipal and County Defendants assert they have found no authority supporting the argument that these alleged set of facts constitute a claim under the Fourth Amendment or any other provision of the Constitution. In the alternative, Defendants argue they are entitled to qualified immunity. Plaintiffs respond that Defendant Teresa Bohn conspired with Ms. Bollman to create a false and misleading affidavit, and the deliberate manufacturing of

---

[5]"[T]he Fifth Amendment applies only to the federal government or federal actions and does not apply to state and municipality actors as alleged here, Barnes v. City of Omaha, 574 F.3d 1003, 1005 n.2 (8th Cir. 2009)." Jackson v. Stair, 944 F.3d 704, 709 (8th Cir. 2019) (affirming dismissal of 5th Amendment claims against city police officer).

false evidence "contravenes the Due Process Clause" in violation of the Constitution. (ECF No. 31 at 6).

As stated above, Plaintiffs fail to plead sufficient facts as to a meeting of the minds to state any sort of conspiracy claim. That is certainly the case in Count III. Plaintiffs include no facts suggesting Teresa Bohn and Victoria Bollman reached an agreement to deprive Robin Mecey of her rights under the Constitution. Jensen, 315 F.3d at 862; Johnson, 862 F.3d at 717.

As for claims against Teresa Bohn in her individual capacity, the Amended Complaint does not allege defendant Teresa Bohn manufactured false evidence against Robin Mecey but rather, it alleges that in filling out the affidavit, Victoria Bollman, "had no personal knowledge of the events she was giving the impression she was affirming." (ECF No. 17 at 11). Plaintiffs have not directed the Court to any cases holding that a city official violates a person's constitutional rights by taking an affidavit from a witness who has no personal knowledge. Plaintiffs also accuse Teresa Bohn of acting as a prosecutor by picking the charges and assigning case numbers. Again, Plaintiffs have not directed the Court to any cases to suggest that the administrative processing of an affidavit or the assignment of charges violates the Constitution.

Plaintiffs have not met the pleading requirements to state a claim in Count III. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. In Court III, Plaintiffs do not even lay out the elements of their claim. There is a recitation of some facts, and the conclusory statement that Robin Mecey's constitutional rights have been violated. Plaintiffs have not given Defendants "fair notice of the claim and the grounds upon which it rests," Hager v. Arkansas Dep't of Health, 735 F.3d 1009, 1015 (8th Cir. 2013), and in responding to the motions to dismiss, Plaintiffs have failed to explain their claim or cite legal authority establishing they have alleged a constitutional violation. The

Court finds Plaintiffs fail to allege any facts comprising a constitutional violation in Count III, and it grants the Municipal and Count Defendants' motion to dismiss.[6]

## 2. Count IV

In Count IV, Plaintiffs describe a trial that took place on July 24, 2014. It appears, although it is not entirely clear from the Amended Complaint, that the trial took place in the City of Farmington's municipal court Plaintiffs allege Robin Mecey was charged with stealing property from J.C. Penney based on "allegations that were never supported, reported or substantiated by a true representative of the J.C. Penney Company or any with firsthand knowledge." (ECF No. 17 at 13). Plaintiffs allege Robin Mecey was denied all discovery requests, and a witness, Summer Taylor, was not made available at trial, despite a subpoena. Plaintiffs complain Robin Mecey was denied counsel; she was not allowed to have her notes to testify, while Officer Miller was allowed to read from his; and she was not provided with a copy of a video that was allegedly recorded, but not introduced at trial. Plaintiffs allege the presiding judge allowed defendant Susie Miller to raise her hands above her head with her hands claps together moving side to side and cheer out loud, "as if she was at a boxing match," as the judge, who is not a party to this suit, introduced the city prosecutor Kevin Karraker, who is also not a party in this suit. (ECF No. 17 at 14). Plaintiffs maintain Robin Mecey was convicted on two false and perjured statements from two persons who

---

[6]Defendant Teresa Bohn also argues she is entitled to qualified immunity. An individual defendant official is entitled to qualified immunity "unless [the] plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011) (emphasis added) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). The court may exercise its discretion "in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, 555 U.S. 223, 236 (2009). Plaintiffs have failed to identify any cases demonstrating that Teresa Bohn violated Robin Mecey's constitutional rights, let alone the controlling authority that places the constitutional question "beyond debate." De La Rosa v. White, 852 F.3d 740, 746 (8th Cir. 2017) (quoting Ashcroft, 563 U.S. at 742). The Court finds Defendant Teresa Bohn would be entitled to qualified immunity had Plaintiffs stated a claim against her.

had no firsthand knowledge of the facts. Plaintiffs allege trial was used to silence Robin Mecey and to protect J.C. Penney. Plaintiffs contend this "sham" trial violated Plaintiff Robin Mecey's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments, and deprived her Equal Protection of the law.

The Municipal and County Defendants move to dismiss Count IV on the grounds that (1) it is unclear against whom the count is direct; (2) the relief Plaintiffs are seeking in Count IV would invalidate a state conviction; and (3) the Court is precluded from considering the claims in Count IV under the Rooker-Feldman Doctrine.

First, the Court concurs with the "Municipal and County Defendants that it is unclear as to whom or against what entity this count is directed. Ryan Miller and Susie Miller are the only named defendants mentioned in Count IV, and their alleged conduct – testifying with the assistance of notes and making a seemingly inappropriate gesture and remark in the courtroom – do not rise to the level of constitutional violations.

That said, the Court also agrees with the Municipal and County Defendants that any claim based on the conduct alleged in Count IV is barred by Heck v. Humphrey, 512 U.S. 477 (1994). The Supreme Court has held that in order to recover damages for an allegedly unconstitutional conviction or for harm that would call into question the validly of a conviction, a § 1983 plaintiff must prove that the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. See Heck, 512 U.S. at 484–85. A claim for damages bearing such a relationship to a conviction or sentence that has not been invalidated is not cognizable under § 1983. Id. at 486-87. Accordingly, when a plaintiff seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the

plaintiff would necessarily imply the invalidity of the conviction or sentence. If plaintiff in a §
1983 suit is challenging the validity of a conviction, the complaint must be dismissed unless the
plaintiff can demonstrate that the conviction has been invalidated in plaintiff's favor. The rationale
behind Heck's "favorable termination" rule is that a successful § 1983 action would imply the
invalidity of the criminal conviction and lead to inconsistent results. This rule "avoids parallel
litigation over the issues of probable cause and guilt ... and it precludes the possibility of the
claimant ... succeeding in the tort action after having been convicted in the underlying criminal
prosecution." Heck, 512 U.S. at 484 (citations omitted).

Applying these principles to the case at hand, it is apparent that Plaintiffs are calling into
question the constitutionality of the trial in which Robin Mecey was convicted. But based on the
record before it, Robin Mecey's conviction has not been invalidated. To the extent Plaintiffs have
even alleged a constitutional violation, Plaintiffs claims in Count IV, if successful, necessarily
would imply the invalidity of Robin Mecey's conviction for shoplifting, and the Court will dismiss
Count IV on this basis. See Heck, 512 U.S. at 479 (claims that defendants "knowingly destroyed"
exculpatory evidence and caused "an illegal and unlawful voice identification procedure" to be
used at plaintiff's trial were barred until the conviction was reversed or otherwise declared invalid);
see also Evans v. Lopez, 2000 WL 31357, *5 (N. D. Ill. May 12, 2000) (Heck bars any claim that
"defendants falsified evidence, withheld evidence, or otherwise corrupted the judicial process.")

The Court will alternatively consider the Municipal and County Defendants' argument that
the Court should decline to consider Plaintiffs' claims in Count IV under the Rooker-Feldman
Doctrine because the Plaintiffs are in effect asking the Court to re-adjudicate the judgment against
Robin Mecey.

The Rooker-Feldman Doctrine provides that federal courts do not have jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court" judgments rendered before the federal district court proceedings commenced and inviting the district court to review and reject those judgments. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284-88 (2005).

The Court agrees with the Municipal and County Defendants and finds that, were the Court to consider Robin Mecey's claims in Count IV, it would be forced to re-adjudicate the charges against Robin Mecey; that Plaintiff Robin Mecey is barred from re-adjudicating the validity of her conviction; and that, therefore, the Court is precluded from considering Robin Mecey's complaints of injuries she allegedly suffered as a result her July 2014 conviction. The Court grants the Municipal and County Defendants' motion to dismiss Count IV.

### 3. Count V

In Count V, Plaintiffs allege Plaintiff David Mecey was falsely arrested during the July 2014 trial. According to the Amended Complaint, David Mecey was arresting during the trial when he attempted to pass notes to Robin Mecey. Plaintiffs allege David Mecey was confined for approximately 25 minutes, under guard, in a separate room from the trial. Plaintiff David Mecey alleges the false arrest and confinement violated his rights under the Fourth, Fifth, and Fourteenth Amendments.

The Municipal and County Defendants move to dismiss Count V on the grounds that it does not allege any conduct or constitutional violation committed by any of the named defendants. In response to the Municipal and County Defendants' motion to dismiss Count V, Plaintiffs write: "Plaintiff David Mecey arrested for?" without any further elaboration. (ECF No. 31 at 9). Plaintiffs fail to address the issues the Municipal and County Defendants raise in their motion.

Again, it is unclear against whom or what entity Count V is directed. Plaintiffs allege, "Judge Pultz then immediately had police remove David Mecey from the Court room and confined him under guard in the room for the duration of the trial around 25 minutes." (ECF No. 17 at 17). Judge Pultz, however, is not a party to this suit, and if he were, he would be entitled to judicial immunity. Hamilton v. City of Hayti, Mo., 948 F.3d 921, 926 (8th Cir. 2020) (municipal judge entitled to absolute judicial immunity for judicial acts). The Court agrees with the Municipal and County Defendants that in Count V, Plaintiffs fail to allege any conduct by the named Defendants, much less conduct that rises to the level of an actionable claim under § 1983. The Court dismisses Count V for failure to state a claim.

## 4. Count VI

In Count VI, Plaintiffs allege that on January 27, 2015, they attempted to file a complaint at the Farmington Police Department to complain about the treatment Robin Mecey was subjected to on March 24, 2014, but Plaintiffs were met with verbal assault and threats of arrest from Officer Eric Spiker. Officer Spiker allegedly denied Plaintiff access to the complaint form, but sometime thereafter, Officer Bone entered the room and ordered Officer Spiker "to stand down." (ECF No. 17 at 18). Plaintiffs were given a complaint form, which they filled out and filed. Plaintiffs allege, however, that on February 19, 2015, Teresa Bohn informed them that the complaint was filed "as information only" and would not be sent to any prosecutor. (ECF No. 17 at 18).

Plaintiffs also allege that on February 19, 2015, Officer Bone requested Plaintiffs to come to his office. Upon arrival, Plaintiffs allege they were informed that the City of Farmington had no policy to investigate one of its officers, and Officer Bone stated that he was going to call the county prosecutor for advice. After speaking with someone on the phone, Officer Bone allegedly informed Plaintiffs that the county prosecutor was not interested in their complaint. Plaintiffs also

23

allege that "Officer Ryan Miller was then instructed to file his statement of probable cause with the County Prosecutors office and did so on the following Monday 2/23/2015." (ECF No. 17 at 19). In Count VI, Plaintiffs provide neither the authority nor legal theory under which they are bringing their claim(s).

The Municipal and County Defendants move for dismissal on the grounds that Count VI does not state a cognizable claim in that it does not refer to any portion of the Constitution or other law. The Municipal and County Defendants also argue the officers and prosecutor are entitled to qualified immunity, and that Jerrod Mahurin is entitled to prosecutorial immunity.

In response, Plaintiffs argue they have stated a claim because they were threatened, bullied, and prevented from filing a complaint. The Amended Complaint, however, belies Plaintiffs' own argument. Plaintiffs were given a complaint form, which they filled out and filed. Moreover, verbal threats generally do not support a § 1983 claim. King v. Olmsted Cnty., 117 F.3d 1065, 1067–68 (8th Cir. 1997). The Court, therefore, rejects Plaintiffs' argument.

As for the allegations relating to the phone call and timing of the statement of probable cause, the Court finds these allegations, which are written in the passive voice, are vague and conclusory and fail to state a constitutional violation. For example, Plaintiffs fail to identify with whom Officer Bone spoke on the phone, and they do not assert who instructed Officer Ryan Miller to file his probable cause statement with the County prosecutors' officer. Plaintiffs are asking the Court to make inferences that are not based on factual allegations. The Court declines to fill-in these omissions. Pro se pleadings must not be conclusory and must state sufficient facts which, when taken as true, support the claims advanced. Stone, 364 F.3d at 914. The Court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded." Id. (citing Dunn, 880 F.2d at 1197).

24

But even if the Court were to find the Amended Complaint did allege that Jerrod Mahurin spoke with Officer Bone and directed Officer Ryan Miller to file the probable cause statement, Defendant Jerrod Mahurin and these officers would be entitled to qualified immunity. Plaintiffs have failed to point to precedent demonstrating that the Defendants' actions violated clearly established law under the Constitution. De La Rosa, 852 F.3d at 746.

What is more, to the extent Plaintiffs are attempting to bring a claim against Defendant Jerrod Mahurin based on this series of events, the actions relate to core prosecutorial functions and Defendant Mahurin would have prosecutorial immunity. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976) (holding prosecutors are absolutely immune from liability under § 1983 for their actions in "initiating a prosecution and in presenting the state's case," to the extent those actions are "intimately associated with the judicial phase of the criminal process."); see also Burns v. Reed, 500 U.S. 478, 486 (1991) (holding prosecutor was entitled to absolute immunity for allegations that he facilitated the issuance of a search warrant by presenting evidence to the court knowing the witness was giving false testimony, but was not entitled to absolute immunity for providing legal advice to the police); Sample v. City of Woodbury, 836 F.3d 913, 916 (8th Cir. 2016) (prosecutorial immunity "applies even if the prosecutor's steps to initiate a prosecution are patently improper" or in the face of "[a]llegations of unethical conduct and improper motives in the performance of prosecutorial functions[.]"); Reasonover v. St. Louis Cty., Mo., 447 F.3d 569, 580 (8th Cir. 2006) (prosecutorial immunity "is not defeated by allegations of malice, vindictiveness, or self-interest.")

The allegations in Count VI are not a model of clarity, but it would seem Plaintiffs fault Defendant Mahurin for not bringing charges based on their complaint, and for instructing Officer Miller to file his probable cause statement with the county's office for prosecution. The decision

to prosecute or not is left to the prosecutor, and "[a] prosecutor enjoys absolute immunity for acts performed 'in initiating a prosecution and in presenting the state's case.'" Reasonover, 447 F.3d at 579 (quoting Imbler, 424 U.S. at 431). To the extent Plaintiffs are bringing a claim against Defendant Mahurin for the conduct alleged in Count VI, Defendant Mahurin is entitled to absolute prosecutorial immunity. The Court grants the Municipal and County Defendants' motion to dismiss Count VI.

## 5. Count VII

In Count VII, Plaintiffs allege: "On 3/11/2015, in his 2nd covert act conspiring with Officers Ryan Miller, Eric Spiker, Clifford Bone, Prosecutor Jerrod Mahurin filed the same charges against Robin Mecey on the same events using the same statement of probable cause from Officer Miller that she was in litigation for with the City of Farmington in a Trial De novo." (ECF. No. 17 at 19). Again, Plaintiffs provide neither the authority nor the legal theory under which they are bringing this claim.

The Municipal and County Defendants move for dismissal on the grounds that Count VII does not state a cognizable claim or refer to any portion of the Constitution. They also argue, to the extent Plaintiffs are attempting to bring a claim against Defendant Jerrod Mahurin based on these allegations, his alleged actions relate to the decision to bring criminal charges, a core prosecutorial function, and he is entitled to prosecutorial immunity.

Plaintiffs respond that they have stated a claim in Count VII for conspiracy. Plaintiffs do not address the Municipal and County Defendants' other arguments.

As noted above, Plaintiffs have failed to state a claim of conspiracy. Here in Count VII, and throughout the Amended Complaint, Plaintiffs do not plead sufficient facts establishing a meeting of the minds to suggest Defendants reached an understanding to violate Plaintiffs' rights.

Jensen, 315 F.3d at 862. The Court also agrees with the Municipal and County Defendants that to the extent Plaintiffs have stated a claim in Count VII against Jerrod Mahurin, he is entitled to prosecutorial immunity. Imbler, 424 U.S. 409 at 430; Reasonover, 447 F.3d at 579. The Court grants the Municipal and County Defendants' motion to dismiss Count VII.

### 6. Count VIII

In Count VIII, Plaintiffs accuse prosecutor Jerrod Mahurin of improper communications with the court in furtherance of conspiracy. Plaintiffs allege Jerrod Mahurin was in the courtroom during one of the hearings on her municipal trial de novo, and he "seemingly [took] a personal interest in Robin Mecey." (ECF No. 17 at 21). At the next scheduled hearing, she was informed by the bailiff that her municipal case had been dismissed. The bailiff also handed Robin Mecey a summons stating that she was being prosecuted by county prosecutor Jerrod Mahurin for the same three counts based on the events at J.C. Penney. Plaintiffs claim these acts violated Robin Mecey's rights under the Fifth and Fourteenth Amendments.

The Court concurs with the Municipal and County Defendants that in Count VIII Plaintiffs have failed to allege any cognizable claim under the Constitution. Plaintiffs' allegations in Count VIII are conclusory, vague, and based on innuendo. Plaintiffs do not allege actual conduct by Defendant Mahurin, instead, Plaintiffs' allegations require the Court to infer that there was something nefarious based on the timing of events and Defendant Mahurin's presence in the courtroom the day Robin Mecey's trial de novo was dismissed. The Court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been pleaded." Stone, 364 F.3d at 914. (citing Dunn, 880 F.2d at 1197). Moreover, it appears Plaintiff's claim in Count VIII relates to Defendant Mahurin's decision to bring criminal charges against Robin Mecey, a core prosecutorial function, and he is entitled to prosecutorial immunity

27

with regard to such claim. Imbler, 424 U.S. 409 at 430; Reasonover, 447 F.3d at 579. Count VIII is dismissed.

### 7. Count IX

Count IX appears to be against the Farmington City Administrator Gregory S. Beavers and the City of Farmington. Plaintiffs allege David Mecey contacted Defendant Beavers to complain about the actions of Officer Ryan Miller, Eric Spiker, Judge Pultz, and Kevan Karraker. Plaintiffs alleged that David Mecey was informed "the Administrator knew Officer Muller personally and he would not do such a thing and that he sticks by all the policies of the City of Farmington." (ECF No. 17 at 23).

The Municipal and County Defendants move to dismiss Count IX on the grounds that Plaintiffs fail to provide the law or legal theory under which they are bringing their claim(s), and that the factual allegations fail to state a claim. Plaintiffs respond to the Municipal and County Defendants' argument by noting, "City Administrator Gregory Beavers. He was informed of the Event by Plaintiff David Mecey and state that he would back the actions of his police. It is Plaintiffs' position that joins him in their actions." (ECF No. 31 at 12). Plaintiffs also argue qualified immunity does not apply.

Plaintiffs' response fails to address the arguments the Municipal and County Defendants make in their motion. The Court concurs with the Municipal and County Defendants that Plaintiffs fail to state a cognizable claim in Count IX, and the undersigned will not construct a legal theory or create a claim that is not pleaded. Stone, 364 F.3d at 914. The Municipal and County Defendants' motion to dismiss is granted with regard to Count IX.

### 8. Count X

In Count X, Plaintiffs allege they attempted to force Jerrod Mahurin, via an application for Writ of Mandamus, to file an information for the "felonious restraint or kidnapping" of Robin Mecey and "false police report" that was filed against her, but the prosecutor "refused to comply and carry out his duty." (ECF No. 17 at 23). Plaintiffs claim Mahurin's acts violated Robin Mecey's rights under the Fourth, Fifth, and Fourteenth Amendments.

The Municipal and County Defendants assert Plaintiff fail to state a claim in that there is no indication as to what procedure or protection plaintiff is claiming she would have been entitled, or how those procedures would have affected her property or liberty interests. Furthermore, Defendants argue, the doctrine of prosecutorial immunity would defeat any such claim.

Plaintiffs respond to the Municipal and County Defendants by writing the following: "Count 10: is Abuse of Discretion." (ECF No. 31 at 12). Plaintiffs provide no further elaboration.

The Court agrees with the Municipal and County Defendants that Plaintiffs fail to state a claim in Count X. Defendant Mahurin's decision not to bring criminal charges for the "felonious restraint or kidnapping" of Robin Mecey or based on the "false police report" filed against her does not violate Robin Mecey's constitutional rights, and to the extent Plaintiffs' Count X states such a claim, Defendant Mahurin would be entitled to prosecutorial immunity. Imbler, 424 U.S. 409 at 430; Reasonover, 447 F.3d at 579. The Court dismisses Count X.

### 9. Count XI

In Count XI, Plaintiffs allege that the City of Farmington Clerk, Susan Miller, "filed her applications out of time 2 years earlier leading to a conclusion by circuit Judge Troy Hyde of double jeopardy and dismissal of the state case. The actions of municipal Clerk Susan Miller left Robin Mecey no remedy due to negligent, actions and bad policy by the City of Farmington and

Judge Edward Pultz." (ECF No. 17 at 24). Plaintiffs claim this conduct led to the violation of Robin Mecey's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments.

Defendants argue that Count XI fails to state a claim because Plaintiffs offer no explanation as to what these "applications" are, or how the out-of-time filing of these so called "applications" by a city clerk would result in the deprivation of any protected due process interest. To the extent the Count XI is directed at Defendant Susan Miller as an individual, Defendant Miller argues she is entitled to qualified immunity, because there is no clearly established law demonstrating that her actions violated the Constitution.

Plaintiffs respond that Defendant Miller had a nondiscretionary duty "to take Robin Mecey's perfected and complete applications for trial de novo, which were timely made." (ECF No. 31 at 12). They argue, Defendant Miller refused to take Robin Mecey's application, "insisting she was the one that filled them out." Id. "The Clerk did take Money [sic] for filing the 3 De novo's [sic] and then failed to fill out the applications in time after denying Robin Mecey the right to file her own." Id.

Plaintiffs' explanation in their response memorandum adds facts that are not in the Amended Complaint. On a Rule 12(b)(6) motion to dismiss, the district court is to review the allegations in the complaint to determine whether there is "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). The Court is not to go outside the pleading. Here, the factual allegations in Count XI are vague, difficult to follow, and do not adequately allege what even transpired, let alone state a claim under the Constitution. The Court "will not supply additional facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been

pleaded." Stone, 365 F.3d at 914 (quoting Dunn, 880 F.2d at 1197). The Municipal and County Defendants' motion to dismiss Count XI is granted.

### 10. Counts XII and XIII

Plaintiffs only plead factual allegations in Counts XII and XIII; there is no reference to law. In Count XII, Jerrod Mahurin is accused of "conspiring" with Garland Robinson and Nancy Boevingloh, who are not parties to this suit, "to steal federal process in the form of a summons to be served on [Mahurin]." (ECF No. 17 at 27). Plaintiffs describe in great detail how documents were stolen from David Mecey's place of employment. That said, there are no factual allegations whatsoever as to actual conduct by Jerrod Mahurin, or any communications by him. In Count XIII, Plaintiffs accuse Jerrod Mahurin of conspiring with Garland Robinson and Nancy Boevingloh "to take step in setting up David and Robin Mecey for later prosecution." (ECF No. 17 at 29). Plaintiffs accuse Garland Robinson of making false statements in support of his application for orders of protection against David Mecey. But again, but there no factual allegations whatsoever as to actual conduct by Jerrod Mahurin, or any communications by him.

The Municipal and County Defendants move to dismiss Counts XII and XIII on the grounds that Plaintiffs have not pleaded factual allegations against Jerrod Mahurin, or any of the defendants, that state a claim. Defendants also argue Plaintiffs fail to plead the legal grounds under which they are bringing their claims in Count XII and XIII. The Municipal and County Defendants further argue that to the extent Plaintiffs have stated a claim, any defendant would be entitled to qualified immunity because there is no clearly established law putting any reasonable official on notice that such actions would violate the Constitution, and that Jerrod Mahurin would be entitled to prosecutorial immunity. Finally, the Municipal and County Defendants argue that in Counts XII and XIII, Plaintiffs fail to adequately allege a conspiracy.

Plaintiffs respond by arguing they have adequately alleged a conspiracy against Jerrod Mahurin in Counts XII, XIII, and evidence of the conspiracy is apparent throughout the Amended Complaint.

The Court reiterates that merely using the terms "conspiracy" or "conspired" does not meet the pleading standard under Rule 12(b)(6).  Murray, 595 F.3d at 870; see also City of Omaha Employees Betterment Ass'n, 883 F.2d at 652 ("the plaintiff must allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement.").  There are no factual allegations in Counts XII and XIII, or in the entire Amended Complaint for that matter, that are sufficiently specific for the Court to find that Plaintiffs have adequately alleged a meeting of the minds or an agreement between or amongst any of the defendants to violate Plaintiffs' constitutional rights.  Id. The Court grants the Municipal and County Defendants' motion to dismiss as to Counts XII and XIII for failure to state a claim.

### 11. Count XIV

In Count XIV, Plaintiffs accuse the City of Park Hills of indifference by ignoring the fact that Garland Robinson was holding stolen property – a public address system and two amplifiers – which Plaintiffs allege belong to Plaintiffs.  Plaintiffs allege Park Hills Detective Mike Kutz and the City of Park Hills violated David Mecey's rights under the Fourth, Fifth, and Fourteenth Amendments in that he was deprived of his property for over two years.  Plaintiffs also allege in Count XIV that the City of Park Hills allowed Garland Robinson and Nancy Boevingloh to practice law without a license against Plaintiffs "by allowing them to represent, make a complaint for a Limited Liability Company."  (ECF No. 17 at 30).

The Municipal and County Defendants move to dismiss Count XIV on the grounds that the allegations are confusing, and the count identifies no legal theory under which such alleged

indifference or conduct by the Defendants would be actionable. The Municipal and County Defendant also argue that to the extent the count is intended to be a claim under § 1983 against the City of Park Hills, Plaintiffs have failed to allege a policy, practice, or custom by which the City of Park Hills could be liable under Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978).

In their response memorandum, Plaintiffs fail to address the Municipal and County Defendants' arguments as to Count XIV. The Court agrees with the Municipal and County Defendants that that Plaintiffs have failed to allege conduct giving rise to a cognizable claim in Count XIV, and the undersigned will not construct a legal theory or create a claim that is not pleaded.[7] Stone, 364 F.3d at 914. The Municipal and County Defendants' motion to dismiss is granted with regard to Count XIV.

## 12. Counts XV and XVI

In Count XV, Plaintiffs accuse Jerrod Mahurin of threats and harassment. They allege Jerrod Mahurin "became increasingly aggressive, even narcissistic toward David and Robin

---

[7]In Count XIV, Plaintiffs allege that the City of Park Hills violated David Mecey's rights by failing "to adopt rules and guidelines to follow well established laws and procedure." (ECF No. 17 at 31). Under Monell, "[s]ection 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from ... an 'official municipal policy.'" Corwin v. City of Independence, 829 F.3d 695, 699 (8th Cir. 2016) (quoting Monell, 436 U.S. at 691). Setting aside that Plaintiffs' allegations do not specify what policies the City of Park Hills failed to adopt, "absent a constitutional violation by a city employee, there can be no § 1983 or Monell liability for [a municipality]." Whitney v. City of St. Louis, Missouri, 887 F.3d 857, 860–61 (8th Cir. 2018); see also Malone v. Hinman, 847 F.3d 949, 955 (8th Cir. 2017) (holding without a constitutional violation by the individual defendants, there can be no § 1983 or Monell liability for the city); Sitzes v. City of W. Memphis, 606 F.3d 461, 470 (8th Cir. 2010) (same); Sanders v. City of Minneapolis, 474 F.3d 523, 527 (8th Cir. 2007) (same). The Court finds Plaintiffs have failed to state a claim against the City of Park Hills. And to the extent they are attempting to state a claim against the City of Farmington in Count XIV or any other count in the Amended Complaint, they fail to state a claim against the City of Farmington as well. Id.

33

Mecey." (ECF No. 17 at 31). Plaintiffs allege that at a hearing in an unrelated case, Jerrod Mahurin verbally harassed David Mecey from the side bar. Plaintiffs also allege he "stood up from the side bar walked into the active hearing and leaned into the opponents' attorney's ear whispering while staring at David Mecey and grinning and was noted that the attorney with a very solemn face slowly turned to Jerrod Mahurin nodding his head twice." (ECF No. 17 at 32). Plaintiffs fail to plead the legal grounds under which they bring a claim in Count XV.

The following is the only allegation in Count XVI:

> After being subjected to the harassment, aggressiveness and narcissistic behavior of Prosecutor Jerod Mahurin and it being election year and story after story on social medical of man more victims of vindictive act [sic] from Prosecutor Jerrod Mahurin and the fact that even the process server who was paid to serve Jerrod Mahurin a reinstated summons who returned it unserved stating he fear retaliation from Jerrod Mahurin the Mecey's [sic] out of fear of acts of retaliation dismissed the [other federal] case against the City of Farmington and Jerrod Mahurin for fear of what he was capable of.

(ECF No. 17 at 32). Plaintiffs also fail to plead the legal grounds under which they are bringing a claim in Count XVI.

The Municipal and County Defendants move to dismiss Counts XV and XVI on the grounds that Plaintiffs have not alleged under what legal authority they are bringing their claims and, they argue, any such claim is not cognizable under the Constitution. The Municipal and County Defendants also argue that to the extent Plaintiffs have stated a claim in Counts XV and XVI, Defendant Mahurin is entitled to qualified immunity and prosecutorial immunity. Plaintiffs failed to address the Municipal and County Defendants' arguments specifically, and they respond by arguing, once again, that Defendant Mahurin was involved in a conspiracy to violate Plaintiffs' constitutional rights.

As discussed above, Plaintiffs fail to state a claim for conspiracy because they have not adequately alleged an agreement or meeting of the minds. Murray, 595 F.3d at 870; City of Omaha

Employees Betterment Ass'n, 883 F.2d at 652. As for Plaintiffs' allegations of harassment and threats by Jerrod Mahurin, the Court agrees with the Municipal and County Defendants that Plaintiffs have failed to plead sufficient factual allegations to support these assertions. The facts Plaintiffs do plead are vague and require the Court to reach conclusions based on inferences and inuendo, which the Court declines to do. Stone, 364 F.3d at 914. Furthermore, even if the conclusory allegations were enough to establish Jerrod Mahurin did make threats, verbal threats generally do not support a § 1983 claim. King, 117 F.3d at 1067–68. The factual allegations in Counts XV and XVI are not enough to state a claim. The Court finds none of the allegations in Counts XV and XVI rise to the level of a constitutional violation. The Court grants the Municipal and County Defendants' motion to dismiss Counts XV and XVI.

### 13. Count XVII

In Count XVII, the last count in the Amended Complaint, Plaintiffs allege Jerrod Mahurin conspired with Officers Ryan Miller, Eric Spiker, Clifford Bone, the City of Park Hills, Garland Robinson, Nancy Boevingloh, Officer Mike Kurtz, Jason Garner, Gary Oliver, and DHSS to fabricate evidence and charges against David and Robin Mecey to imprison them up to 15 years. Plaintiffs allege that on June 28, 2018, Jason Garner and Jerrod Mahurin applied for an arrest warrant for Robin and David Mecey for exploitation of the elderly, a class B felony, based on a misleading affidavit. Plaintiffs allege warrants were issued for the arrest of both David and Robin Mecey based on a false affidavit. "Prosecutor Jerrod Mahurin, Susie Miller, Ryan Miller, Eric Spiker, Clifford Bone, Teresa Bohn, the City of Farmington, the City of Park Hills, Officer Mike Curtz [sic], the Missouri Department of Health and Senior Services, Gary Oliver, and Jason Garner are accused of working in concert to the said points of time within the complaint to cover up their

35

actions in one continuous ongoing act to hide the original crimes committed against Robin Mecey that she was a victim to." (ECF No. 17 at 35).

Both the Municipal and County Defendants and the DHSS Defendants have filed motions to dismiss Count XVII. The Municipal and County Defendants argue Plaintiffs fail to adequately allege a claim of conspiracy. They also argue, to the extent Plaintiffs have stated a claim, that the individual defendants would be entitled to qualified immunity, and in addition, Jerrod Mahurin would be entitled to prosecutorial immunity. The DHSS Defendants also argue, among other things, that Plaintiffs fail to state a claim for conspiracy. In addition, they argue Plaintiffs have not pleaded sufficient facts to state a claim for malicious prosecution.

Plaintiffs respond to the Municipal and County Defendants' motion to dismiss Count XVII by summarizing the allegations in the Amended Complaint and then asserting they have stated a claim of conspiracy against the Defendants. Plaintiffs respond to the DHSS Defendants' arguments by asserting they have stated claims of conspiracy under Missouri law, § 1983, and § 1985. Plaintiffs outline the "covert acts" they have alleged in their Amended Complaint, as well as what they have labeled "information only not covert acts." (ECF No. 25 at 13 & 15). Plaintiffs also maintain they have stated a claim of malicious prosecution under Missouri law.

As addressed above, Plaintiffs have not sufficiently stated a claim for conspiracy. Under both § 1983 and § 1985, the Eighth Circuit requires plaintiffs to allege specific facts giving rise to an inference of a meeting of the minds, which Plaintiffs have not done in Count XVII or anywhere in the Amended Complaint. Murray, 595 F.3d at 870; City of Omaha Employees Betterment Ass'n, 883 F.2d at 652.

As for conspiracy under Missouri law, Missouri courts also required allegations of a meeting of the minds. Mackey v. Mackey, 914 S.W.2d 48, 50 (Mo. Ct. App. 1996). In order to

state a claim of conspiracy under Missouri law, Plaintiff must allege the following elements: "(1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and (5) the plaintiff was thereby injured." Phelps v. Bross, 73 S.W.3d 651, 657 (Mo. Ct. App. 2002); see also Gibson v. Brewer, 952 S.W.2d 239, 245 (Mo. 1997) (en banc). Conspiracy under Missouri law must be alleged with specific factual allegations; conclusory statements are not enough. Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1064 (8th Cir. 2005) ("conclusory allegations and speculation without factual grounds are insufficient to support a claim of conspiracy under Missouri law) (quotation omitted). Plaintiffs have failed to adequately allege a meeting of the minds under §§ 1983, 1985 and Missouri law, and therefore, any conspiracy claim is dismissed.

As for malicious prosecution, to state a claim for malicious prosecution under Missouri state law, a plaintiff must plead the following six elements: "(1) the commencement of a prosecution against the plaintiff; (2) the instigation by the defendant; (3) the termination of the proceeding in favor of the plaintiff; (4) the want of probable cause for the prosecution; (5) the defendant's conduct was actuated by malice; and (6) the plaintiff was damaged." Sanders v. Daniel Int'l Corp., 682 S.W.2d 803 (Mo. 1984) (en banc.). Plaintiffs' claim of malicious prosecution, to the extent they are asserting one, fails because Plaintiffs do not plead that any criminal proceedings were initiated against them. In Count XVII, Plaintiffs plead a warrant was issued for their arrest, and they "turned themselves into the St. Francois County Jail," (ECF No. 17 at 34), but they do not allege criminal charges were brought against them. As Plaintiffs fail to plead that criminal charges were brought against them, they have failed to state a claim of malicious prosecution in Count XVII. Doyle v. Crane, 200 S.W.3d 581, 586 (Mo. Ct. App. 2006) (finding plaintiff had failed to state a claim of malicious prosecution where prosecutor had filed nolle prosequi in the

underlying criminal case). The Court grants the Municipal and County Defendants' and the DHSS Defendants' motions to dismiss as to Count XVII.

## *IV.   CONCLUSION*

For the reasons stated above, the Court finds Plaintiffs fail to state claims against any of the named defendants in this suit, and Plaintiffs' Amended Complaint should be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Missouri Department of Health and Senior Services, Jason Garner, and Gary Oliver's Motion to Dismiss is **GRANTED.** (ECF No. 19)

**IT IS FURTHER ORDERED** that Defendants City of Farmington, Gregory Beavers, Susie Miller, Ryan Miller, Eric Spiker, Clifford Bone, Theresa Bohn, Jerrod Mahurin, the City of Park Hills, and Mike Kurtz's Motion for Judgment on the Pleadings or Motion to Dismiss is **GRANTED.** (ECF No. 23)

An appropriate Order of Dismissal will accompany this Memorandum and Order.

Ronnie L. White

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of November 2020.