UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBIN MECEY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:19-CV-1526 RLW |
| | ) |
| CITY OF FARMINGTON, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' "Motion to Alter or Amend Judgment Rule 59e," which was filed on December 7, 2020, and is directed to the Court's Memorandum and Order and Order of Dismissal entered on November 5, 2020. (ECF Nos. 33, 34). Plaintiffs request the Court to reconsider the dismissal of their claims.[1] For the reasons that follow, Plaintiffs' motion is denied.

Where a motion to reconsider is made in response to a final order, such as the one entered in this case on November 5, 2020, it should be construed as a motion under Rule 59(e). Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000). "Federal Rule of Civil Procedure 59(e) allows any party aggrieved by a judgment to file a motion to alter or amend the judgment 'no later than 28 days after' the judgment has been entered." Chapman v. Hiland Partners GP Holdings, LLC, 862 F.3d 1103, 1111 (8th Cir. 2017) (quoting Fed. R. Civ. P. 59(e)). Courts are not allowed to extend the twenty-eight day deadline, Fed. R. Civ. P. 6(b)(2), Id., and the additional three days for

---

[1] Defendants Gregory Beavers, Teresa Bohn, Clifford Bone, City of Farmington, Jerrod Mahurin, Ryan Miller, Susie Miller, City of Park Hills, and Eric Spiker filed a Memorandum in Opposition to Plaintiff's motion on December 24, 2020. Defendants' response was untimely and will be stricken from the record.

mailing provided in Rule 6(d), Fed. R. Civ. P., are inapplicable to a Rule 59(e) motion. <u>Arnold v. Wood</u>, 238 F.3d 992, 995 n.2 (8th Cir.2001). Where the motion is untimely, a federal court lacks jurisdiction to consider it, <u>United States v. Mask of Ka-Nefer-Nefer</u>, 752 F.3d 737, 743 (8th Cir. 2014), so an untimely Rule 59(e) motion must be denied for lack of jurisdiction. Here, Plaintiffs' motion to alter or amend the judgment was filed more than twenty-eight days after the Order of Dismissal, and therefore is untimely. The Court lacks jurisdiction to consider it. <u>Id.</u>

The Court will consider, however, whether Plaintiffs' motion should be construed as a motion under Rule 60(b), Fed. R. Civ. P. Rule 60(b) motions may be filed after the twenty-eight day time period, but only if the motion satisfies one of several enumerated grounds for relief under the Rule. <u>E.E.O.C. v. Siouxland Oral Maxillofacial Surgery Assocs., L.L.P.</u>, 578 F.3d 921, 928 (8th Cir. 2009) (citing <u>Reyher v. Champion Int'l Corp.</u>, 975 F.2d 483, 488-89 & n.1 (8th Cir. 1992)).

Federal Rule of Civil Procedure 60(b) relieves a party from a final judgment or order on one of six specified grounds: Mistake, inadvertence, surprise, or excusable neglect, Fed. R. Civ. P. 60(b)(1); newly discovered evidence that with reasonable diligence could not have been discovered in time for a Rule 59(b) motion, Fed. R. Civ. P. 60(b)(2); fraud, misrepresentation or misconduct by an opposing party, Fed. R. Civ. P. 60(b)(3); the judgment is void, Fed. R. Civ. P. 60(b)(4); the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable, Fed. R. Civ. P. 60(b)(5); and any other reason that justifies relief, Fed. R. Civ. P. 60(b)(6).

Relief under Rule 60(b) is limited. A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances. <u>Schwieger v. Farm Bureau Ins. Co. of Neb.</u>, 207 F.3d 480, 487 (8th Cir. 2000). A Rule 60(b) motion is not for the purpose of rearguing,

2

more fully, the merits of a claim. Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999). Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion. Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir. 1984).

The Court has carefully reviewed Plaintiffs' motion and determines that the motion on its face does not allege grounds for relief available under Rule 60(b). In their motion, Plaintiffs attempt to reargue the merits of their claims or raise new arguments that could have been raised in their original responses to Defendants' motions to dismiss. Therefore, the Court does not construe Plaintiffs' motion to alter or amend the judgment as a Rule 60(b) motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Gregory Beavers, Teresa Bohn, Clifford Bone, City of Farmington, Jerrod Mahurin, Ryan Miller, Susie Miller, City of Park Hills, and Eric Spiker's Memorandum in Opposition to Plaintiffs' "Motion to Alter or Amend Judgment Rule 59e," (ECF No. 36), is **STRICKEN** from the record for filing error, as it was filed out of time without first seeking leave of Court. See CM/ECF Procedures Manual, Sec. II.B.; Local Rule 4.01(B).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall delete ECF No. 36 from the record for filing error.

**IT IS FURTHER ORDERED** that Plaintiffs' "Motion to Alter or Amend Judgment Rule 59e" is **DENIED** for lack of subject matter jurisdiction as untimely. (ECF No. 35)

*[signature]*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 5th day of January, 2021.

3